# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5244-17T4
                  A-0475-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

GEORGE K. ASANTE,

      Defendant-Appellant.

_____

Submitted November 19, 2019 – Decided December 11, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 14-04-0268 and Atlantic County, Indictment No. 16-01-0070.

Joseph E. Krakora, Public Defender, attorney for appellant (Janet Anne Allegro, Designated Counsel, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the briefs).

PER CURIAM

In these appeals, calendared back-to-back and consolidated for purposes of our opinion, defendant George K. Asante seeks reversal of two Law Division orders, denying his petitions for post-conviction relief (PCR) without an evidentiary hearing. Born in Ghana, defendant immigrated to the United States in 1996. At the time of his guilty pleas, which were entered sixteen months apart in two different vicinages, defendant stated he was a United States citizen. But, after entry of the second guilty plea, defendant was detained by U.S. Immigration and Customs Enforcement. Prior to his deportation in 2018, defendant sought PCR from both convictions, claiming his plea attorneys should have ascertained his status in this country, despite defendant's sworn statements that he was a United States citizen. We reject defendant's arguments and affirm both orders under review.

I.

We commence our review with a discussion of the relevant legal principles, which are common to both appeals. Where, as here, the trial court does not conduct an evidentiary hearing on a PCR petition, we may review de novo the factual inferences the court has drawn from the documentary record. State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). We also review de novo the court's conclusions of law. State v. Harris, 181 N.J. 391, 420 (2004).

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, entitlement to the requested relief. State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts, which "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). To establish a prima facie claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable likelihood of success under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). That is, the defendant must show: (1) the deficiency of his counsel's performance; and (2) prejudice to his defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey) (Strickland/Fritz test). "[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

Under the first prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, our Supreme Court has long recognized the defendant must demonstrate "but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." State v. Nunez-Valez, 200 N.J. 129, 139 (2009) (citation omitted).

It is now well-settled that a defense attorney "must tell a client when removal is mandatory – when consequences are certain" in order to provide effective assistance of counsel. State v. Gaitan, 209 N.J. 339, 380 (2012). Accordingly, "when counsel provides false or affirmatively misleading advice about the deportation consequences of a guilty plea, and the defendant demonstrates that he would not have pled guilty if he had been provided with accurate information, an ineffective assistance of counsel claim has been established." Id. at 351.

A-5244-17T4

Our courts have not, however, imposed on counsel an obligation to advise about the potential for removal when the defendant expressly indicates under oath that he is a citizen. We consider both appeals in view of these standards.

## II. The Cumberland County Appeal (A-5244-17)

Defendant was charged in a two-count Cumberland County indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), after his girlfriend reported she had observed defendant's "legs thrusting in a motion consistent with sexual intercourse" with his ten-year-old biological daughter. DNA evidence confirmed the presence of defendant's semen on the child's shirt and underwear. The child acknowledged her father had sexually assaulted her on numerous occasions during the prior three years.

In January 2015, defendant pled guilty to amended charges of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Under the terms of a negotiated plea agreement, the State agreed to recommend a probationary sentence; defendant agreed to waive his right to appeal.

Defendant completed a written plea form and stated "yes" in response to question 17(a), which asked "Are you a citizen of the United States?" During

the plea proceeding, defendant confirmed under oath his answers to the questions on the plea form were correct and he "read and understood th[e] document . . . ."

The Uniform Defendant Intake (UDI) form in the ensuing presentence report (PSR) indicated defendant was a United States citizen, who was born in West Africa. During the sentencing hearing, counsel indicated she had reviewed the PSR with defendant and they had "no additions or corrections . . . ." Defendant was sentenced to a five-year probationary term and ordered to register as a sex offender pursuant to Megan's Law.

Defendant filed a timely PCR petition, alleging plea counsel was ineffective by providing "[m]isinformation and not mentioning [i]mmigration consequences pertaining to [the] plea agreement." Assigned counsel filed a brief, noting defendant was deported before he could sign an affidavit in support of his petition.

During oral argument, PCR counsel provided to the judge a copy of defendant's "rap" sheet, which indicated defendant was not a United States

citizen.[1] PCR counsel argued plea counsel should have investigated defendant's immigration status based on his country of birth and the conflicting information concerning his citizenship. PCR counsel further claimed defendant would not have entered his guilty plea had he been advised of the potential immigration consequences.

In a terse oral decision, the PCR judge applied the Strickland/Fritz test, and concluded plea counsel's performance was deficient. According to the judge, plea counsel "should have noticed" the rap sheet she received "almost contemporaneous[ly] with the plea" stated "defendant was not a citizen." The judge, however, found defendant failed to support counsel's argument that he would have gone to trial especially because he would have been "facing a first [-]degree charge and the penalties that come with it . . . ."

On appeal, defendant presents the following point for our consideration:

> THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING SINCE PLEA COUNSEL WAS INEFFECTIVE FOR NOT INVESTIGATING THE SIMPLE TASK OF CONFIRMING DEFENDANT WAS NOT A CITIZEN, AS INDICATED IN HIS RAP SHEET, AND DEFENDANT WAS THEREBY PREJUDICED

---

[1] Because defendant had been deported, PCR counsel waived his appearance at the hearing. The PCR judge was not the same judge who entered defendant's guilty plea.

BY PLEADING GUILTY TO A DEPORTABLE
OFFENSE[.]

We have considered these arguments in light of the record and applicable legal standards. We affirm for reasons other than those expressed by the PCR judge. See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011) (recognizing that an appellate court is "free to affirm the trial court's decision on grounds different from those relied upon by the trial court").

We part ways with the PCR judge's conclusion that defendant satisfied the first prong of the Strickland/Fritz test. Despite defendant's sworn statement in the plea form to the contrary, the judge relied upon a hearsay statement in the uncertified rap sheet to support his conclusion that plea counsel was ineffective. In doing so, the judge made assumptions that are unsupported by competent evidence in the record. By assuming plea counsel failed to observe defendant's non-citizenship status on the rap sheet, the judge impermissibly "fill[ed] in missing information on [his] own." N.J. Div. Youth & Family Servs. v. A.L., 213 N.J. 1, 28 (2013). Given defendant's repeated assertions that he was a citizen of the United States – and counsel's reasonable reliance on those assertions – we conclude the PCR judge erred by finding defendant satisfied the first Strickland/Fritz prong.

Because defendant also failed to provide a sworn certification or affidavit supporting his contention that he would have proceeded to trial had he known he was subject to removal, we agree with the PCR judge that defendant failed to satisfy the second Strickland/Fritz prong. See Gaitan, 209 N.J. at 375 (recognizing a defendant must support his claim with more than "bald assertions" that "he would not have pled had he known of the deportation consequences" of pleading guilty).

In sum, at the time of his plea, defendant represented to his attorney and the judge that he was a United States citizen by his answer on the plea form and by testifying he had answered truthfully. Plea counsel (and the judge) therefore had no reason to advise defendant of the immigration consequences of a guilty plea upon a non-citizen. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, . . . on information supplied by the defendant." State v. DiFrisco, 174 N.J. 195, 228 (2002) (citation omitted). "Counsel cannot be faulted for failing to expend time or resources analyzing events about which they were never alerted." Ibid.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(2).

Affirmed.

\* \* \*

### III.  The Atlantic County Appeal (A-00475-18)

In May 2016, pursuant to a negotiated plea agreement, defendant pled guilty to third-degree possession with intent to distribute heroin, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3), in Atlantic City.  The State agreed to dismiss the remaining three counts charged in the Atlantic County indictment and recommend a probationary sentence.

Prior to entering his guilty plea, defendant completed the standard plea form with counsel, initialed each page, and signed the last page of the form.  Like the Cumberland County matter, in response to question 17(a) defendant responded he was a United States citizen.  During the plea hearing, defendant acknowledged under oath that he understood the questions and his answers were truthful.  He confirmed his citizenship status:

> JUDGE:  Okay.  Sir, are you a citizen of the United States?
>
> DEFENDANT:  Yes, Your Honor.
>
> JUDGE:  And where were you born?
>
> DEFENDANT:  West Africa.
>
> JUDGE:  You were born in West Africa?

DEFENDANT:        Yes.

JUDGE:            And you're a naturalized citizen?

DEFENDANT:        Yes.

JUDGE:            Okay. . . [W]hen did you become a
                  naturalized citizen?

DEFENDANT:        In 2002.

JUDGE:            2002, okay.  Sir, have you ever plead
                  guilty to anything before?

DEFENDANT:        Yes, Your Honor.

JUDGE:            Okay.  So you understand generally
                  what's going on here today?

DEFENDANT:        Yes, Your Honor.

JUDGE:            Okay.  And nonetheless, if you have
                  any questions, I want you to ask your
                  attorney . . . to alert the Court.  We
                  will then in turn try to clarify any
                  confusion that you might have.  But
                  if not, if you don't do that, I'm going
                  to presume  .  .  .  you understand
                  everything, so are we clear?

DEFENDANT:        Yes, Your Honor.

The UDI annexed to defendant's PSR stated he was born in Ghana, and twice indicated he was a United States citizen.  In particular, the PSR states defendant "[b]ecame US citizen in 2010 – NYC [sic]" and defendant's wife

"verified the defendant's information." During the sentencing hearing, defense counsel indicated she reviewed the PSR with defendant and did not note any issues pertaining to defendant's citizenship. The judge sentenced defendant in accordance with the plea agreement to two years of probation, concurrent to the probationary term imposed on the Cumberland County indictment. Like the Cumberland County matter, defendant did not file a direct appeal.

Instead, defendant filed a timely pro se PCR petition, asserting he was "misinformed of [i]mmigration consequences, and unaware of possible deportation results." Through assigned counsel, defendant argued his plea counsel was ineffective by failing to inform him of the immigration consequences of accepting a guilty plea.

After he was deported, defendant filed a certification in support of his petition. Among other things, he claimed "[n]either [his] counsel, nor anyone else, ever explained the distinction between being a lawful permanent resident (green card holder) and a citizen of the United States" and had he known he would have been deported as a result of his guilty plea he "would have insisted

on going to trial."[2]  Defendant also denied telling the probation officials he was a citizen.

The PCR judge, who did not enter defendant's guilty plea, issued a cogent written decision, finding defendant failed to establish either prong of the Strickland/Fritz test.  Recounting defendant's various statements indicating he was a United States citizen, the judge found defendant's plea counsel and the plea judge "had no reason to question" defendant's citizenship.  According to the judge, defendant "told counsel he was a U.S. citizen.  It is unreasonable and unrealistic to impose a requirement on counsel or on the court to independently verify a defendant's statements in this regard."  The PCR judge therefore concluded, "there were no potential immigration consequences of [defendant's guilty] plea."  The judge further determined defendant failed to "demonstrate[] sufficiently that he was guaranteed to forego a plea and proceed to trial if he knew he was potentially subject to deportation, or that he had a legitimate defense to the charges."

On appeal, defendant presents the following arguments for our review:

> THE COURT ERRED IN DENYING DEFENDANT'S
> PETITION FOR [PCR] WITHOUT AFFORDING HIM

---

[2]  Defendant also claimed he would not have accepted the plea offer in Cumberland County had he know he would have been deported and unable to reenter the United States.

AN EVIDENTIARY HEARING SINCE PLEA COUNSEL WAS INEFFECTIVE FOR NOT INVESTIGATING THE SIMPLE TASK OF CONFIRMING WHETHER DEFENDANT WAS A CITIZEN AND DEFENDANT WAS ABSOLUTELY PREJUDICED BY PLEADING GUILTY REGARDLESS OF THE STRENGTH OF HIS DEFENSE TO THE CHARGES AGAINST HIM OR DEPORTATION STATUS[.]

A. Plea Counsel was Ineffective for Failing to Conduct an Extremely Simple Investigation into Defendant's Immigration Status and then Subsequently Failing to Properly Advise him[.]

B. Defendant was Prejudiced and the PCR Court Misapplied the Law in Finding he was not because of a Purportedly Weak Defense to the Charges against him and the Fact he was already Deported[.]

Notwithstanding defendant's assertions at the plea hearing, he argues his plea counsel was ineffective because the record evinces sufficient confusion about his immigration status, i.e., he told the judge he became a citizen in 2002, but the PSR states he became a citizen in 2010. Defendant claims "[t]hese largely inconsistent dates plus the fact defendant was born in Ghana, created enough uncertainty about his citizenship to warrant a reasonable investigation by plea counsel."

Having considered defendant's arguments in light of the record and controlling legal principles, we affirm, substantially for the reasons given by the

PCR judge in his well-reasoned opinion. Defendant's arguments are without sufficient merit to warrant further discussion in our written opinion. R. 2:11-3(e)(2).

We only note it is absolutely reasonable for an attorney to assume his or her client is being truthful about citizenship. It would be unreasonable to impose an obligation on counsel to independently investigate the assertion. It simply was not ineffective assistance for defendant's counsel to take defendant at his word when he entered his guilty plea. Indeed, at best the discrepancy between the dates defendant became a citizen underscores when he became a United States citizen, not whether he became a citizen. We therefore agree with the PCR judge that defendant has failed to meet either prong of the Strickland/Fritz test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5244-17T4